### In re SEARLES.

No. 944.

District Court, E. D. New York.

Nov. 25, 1946.

Bernard Cowen, of New York City, for Chase Nat. Bank of New York City.

KENNEDY, District Judge.

This is an application by a creditor who seeks an order directing payment to it of the total amount of unclaimed dividends now held by the Treasury of the United States ($1,445.84). The statutory bases for the application are the sections of the Judicial Code and the Bankruptcy Act of 1938 dealing with unclaimed monies, 28 U.S.C.A. §§ 851, 852; 11 U.S.C.A. § 106, sub. b. On October 10, 1946 I filed a memorandum requesting a further report of the Special Master, because as I read the statutes the moving creditor was not entitled to the whole of the fund but only his pro rata share, and the papers before me did not clearly reflect the present condition of the estate. D.C., 68 F.Supp. 678. A supplemental report containing this data has now been filed.

As far as I can determine there is absolutely no hint in any of the statutes concerning what is the proper procedure for the distribution of unclaimed dividends. The situation is further complicated by the fact that from time to time the Attorney General of the State of New York initiates proceedings for the escheat of these monies under the New York State Abandoned Property Law, Consol.Laws N.Y. c. 1, § 200 et seq. In this particular case there is certainly no adjudication of escheat against the petitioning creditor. If such a judgment had been rendered in favor of the state against the remaining creditors, obviously the balance of unclaimed dividends in the Treasury of the United States should be applied first to the payment of administrative expenses of this proceeding, next to the distributive share of the petitioner, and the remainder to the State of New York. On the other hand, if there is no judgment of escheat at all the balance of unclaimed dividends should be divided, or so one would think, among all of the creditors whose claims have been allowed and not paid in full. Under circumstances identical with those at bar it has been held that the creditor who intervenes in the action of escheat, thus procuring a severance from that action of the particular bankrupt estate in which he is interested, in effect succeeds to the rights of the State of New York when he makes an application for the payment to him of the unclaimed dividends. It was said that the presumptions of the Abandoned Property Law of the State of New York operate against all of the individual creditors who do not appear in the escheat action and that the creditor seeking unclaimed dividends in this way can cut off in the Federal Court his co-creditors who did not intervene to prevent escheat. But it seems to me that unclaimed dividends belong either to the creditors of the bankrupt whose claims have been allowed and not paid in full, 11 U.S.C.A. § 106, sub. b, or perhaps on the other hand to the State of New York. And before the state can have any claim it is obvious that it must first secure a judgment. In these escheat actions individual creditors are not made parties: the bankrupt estate is named. Once that estate is dropped out of the action I would think

the rights of the individual creditors remain as they were before. It is difficult for me to believe that a creditor in the Federal Bankrupt Court can avail himself of the presumptions and in effect the remedies given to the state by the Abandoned Property Law.[1] Yet this is the effect of any decision which, on the basis suggested, gives one creditor in bankruptcy all the unclaimed dividends to the exclusion of all other creditors.

The whole situation would be very much simpler if there was in existence a statute giving the Court power to order the Treasury of the United States to turn the unclaimed dividends over to one of the official referees in bankruptcy, when any creditor petitions for his share of these monies. If a statute like that existed the official referee then could proceed to administer the estate again in the regular way. It would even be possible in such a proceeding to determine the effect of the escheat claim of the State of New York, if the latter submitted to the jurisdiction of the Bankruptcy Court. And in this way a procedural machinery would be supplied to take care of such matters as the mailing of checks—a machinery which is simply absent under the present state of the law.

It is perfectly clear to me that this petitioning creditor is entitled to his share of $1,445.84 based upon the original percentage distribution (.0704). It is also obvious that he should be reimbursed for his expenses ($64.55) and that the Special Master should receive some compensation (even though it cannot be commensurate with his services). Of course before applying the percentage of distribution to the petitioning creditor the items last named should be deducted from the fund.

In the absence of some definite statutory provision permitting this petitioning creditor to take the unclaimed dividends to the exclusion of all others, I do not see that I can make any other disposition than I have.

Submit order.

[1] The presumptions spoken of in the New York statute, Abandoned Property Law, sec. 1201, are according to the very language of the law operative only "in any proceeding" under the statute.